LAW OFFICE OF JULIO E. PORTILLA, P.C.
*Attorneys for THELMA LAMBERT*
Julio E. Portilla, Esq.
111 Broadway, Suite 706
New York, NY 1006
Tel: (212) 365-0292
Fax: (212) 365-4417

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

JUSTO REYES

                     Debtors.
-------------------------------------------------------------X
THELMA LAMBERT

                     Plaintiff,

v.

JUSTO REYES

                     Defendant.
-------------------------------------------------------------X

Chapter 7
Case No.: 08-23228

Adv. Pro. No:

**COMPLAINT TO DENY DISCHARGEABILITY OF DEBT PURSUANT
TO 11 U.S.C. § 523 AND 11 U.S.C. § 727**

      THELMA LAMBERT ("Plaintiff"), an unsecured creditor of the bankruptcy estate ("Estate") of Justo Reyes ("Defendant"), the debtor in the above-captioned Chapter 7 case by her attorneys, Law Office of Julio E. Portilla, P.C., as and for her Complaint against Defendant, hereby alleges as follows:

**NATURE OF ADVERSARY PROCEEDING**

      1.     This is an Adversary Proceeding whereby Plaintiff is seeking the denial of

Defendant's bankruptcy discharge pursuant to 11 U.S.C. §523, § 727and Rules 4004 and 7001(4) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") for a determination denying Defendant's discharge.

## JURISDICTION

2. This Court has jurisdiction over this Adversary Proceeding, under 28 U.S.C. §§ 157(b)(1) and 1334, and the Standing Order of Referral of Cases to Bankruptcy Judges entered in the United States District Court for the Southern District of New York.

3. This is a core proceeding under 28 U.S.C. § (b)(2)(A), (J), and (O). To the extent that this Court determines that any cause of action set forth herein does not constitute a core proceeding, then in such event, Plaintiff consents to the issuance by this Court of final conclusions of law and findings of fact, pursuant to Bankruptcy Rule 7052(a).

## VENUE

4. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408(1) and 1409(a)

## RELEVANT PARTIES

5. Plaintiff is an individual residing at 1110 Wyatt, Bronx, NY 10460. Plaintiff is a creditor of Defendant and a party-in-interest in Defendant's above-captioned bankruptcy case (the "Chapter 7 Case").

6. Upon information and belief, Defendant is an individual residing at 90 Lakeview Avenue, Hartsdale, NY 10530.

7. On August 27, 2008, ("Filing Date"), Defendant filed a voluntary petition for relief from his creditors pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et. seq. ("Bankruptcy Code").

8. Upon information and belief, ALBUSA REALTY CORP ('ALBUSA") is a

2

domestic real estate corporation duly organized and existing under and by virtue of the laws of the State of New York. Upon information and belief, ALBUSA, has a principal place of business located 261 E. Gunhill Road, Bronx, NY 10467.

9. Upon information and belief, Peter Torres, Esq., ("Torres") was and still is an attorney licensed to practice law in the State of New York, with law offices located at 1169 Nostrand Avenue, Brooklyn, NY.

10. Upon information and belief, Raymond G. Perez ("Perez") was and still is an individual residing at 69 Laurel Road, New City, NY 10956. Perez was disbarred from the practice of law by Order of the Appellate Division, Second Department, dated July 29, 1996. Notwithstanding the aforementioned, Perez rendered legal services to Plaintiff in connection with the alleged sale of the premises located at and known as 4683 Park Avenue, Bronx, NY 10458.

## BACKGROUND AND RELATED FACTS

### I.   Justo Reyes Becomes Owner of the Property

11. On or about May 22, 2006, Defendant became the owner of an 8-family residential building located at 4683 Park Avenue, Bronx, NY 10458 and listed in the Bronx County Register's Records under Block 3032; Lot 54 (the "Property"). *See* Deed attached hereto as Exhibit "A".

12. Simultaneously thereon, on May 22, 2006, Defendant duly executed and delivered to Interbay Funding LLC ("Interbay Funding") a Promissory Note (the "Note") under which he promised to pay to Interbay Funding the sum of $440,000.00. Moreover, on May 22, 2006, Defendant also duly executed and delivered to J&M Holdings, Inc. ("J&M Holdings") a subordinate mortgage under which he promised to pay to J&M Holdings the sum of $50,000.00.

13. On May 22, 2006, as collateral security for the payment of the aforementioned indebtedness, Defendant duly executed and delivered to Interbay Funding and J& M Holdings respectively a mortgage (the "Mortgages"), under which he mortgaged to Interbay Funding and J & M Holdings the premises known as 4683 Park Avenue, Bronx, NY 10458. *See* Mortgage attached hereto as Exhibit "B".

14. On May 22, 2006, Defendant also executed and delivered to Interbay Funding an Assignment of Leases and Rents ("Assignment") assigning all present and future leases affecting the mortgaged premises. *See* Assignment of Lease and Rents attached hereto as Exhibit "C".

15. On December 20, 2007, the Assignment of Rents and Lease was assigned to Bayview Loan Servicing LLC ("Bayview"); and subsequently thereto, on December 30, 2007, the Mortgage in favor of Interbay Funding was assigned to Bayview. *See* Assignments to Bayview attached hereto as Exhibit "D".

16. On February 21, 2008, Bayview commenced a foreclosure action (the "Foreclosure") in the Supreme Court, County of Bronx under the caption *Bayview Loan Servicing LLC v. Justo Reyes, et al.* and under Index Number 380327/2008 (the "Complaint"). *See* Summons and Complaint attached hereto as Exhibit "E".

17. According to the Complaint, Defendant failed to comply with the terms, conditions and obligations of the Bayview Note and Mortgage by failing and omitting to pay the monthly installments of principal and interest in the amount of $6,350.06 due on August 1, 2007, and each and every subsequent month thereafter, together with unpaid late charges and taxes and assessments assessed against the mortgaged premises. (*See* ¶ 12 and 13 of the Summons and Complaint attached hereto as Exhibit E).

18. At the time of the aforementioned Foreclosure, and according to the Complaint, the principal balance was $438,426.15 together with late charges and Attorney's fees. (*See* ¶ 14 of the Summons and Complaint attached hereto as Exhibit E).

## II.   Justo Reyes Commits Fraud against Thelma Lambert

19. On or about October 16, 2007, Plaintiff was solicited by ALBUSA REALTY for the purpose of purchasing the 8-family residential building located at and known as 4683 Park Avenue, Bronx, NY 10458 and listed in the Bronx County Register's Records under Block 3032; Lot 54 (the "Property"). *See* Offer to Purchase Real Estate attached hereto as Exhibit "F".

20. According to the Offer to Purchase, and upon information and belief, prepared by ALBUSA RERALTY, Defendant offered to sell (the "Offer") the Property to Plaintiff, for a purchase price of Six Hundred Forty Thousand Dollars and Zero Cents ($640,000.00). (*See* Offer to Purchase Real Estate attached hereto as Exhibit "F").

21. Upon information and belief, Defendant informed Plaintiff that Plaintiff would not need to apply for a mortgage as long as Plaintiff tendered the sum of One Hundred Fifty Thousand Dollars and Zero Cents ($150,000.00) in cash.

22. Moreover, pursuant to the Offer, Plaintiff would assume all mortgages encumbering the property to wit: the $490,000.00 in favor Bayview and the $40,000.00 in favor of J&M Holdings, and pay in the form cash to Defendant the sum of One Hundred Fifty Thousand Dollars and Zero Cents ($150,000.00). (*See* Offer to Purchase Real Estate attached hereto as Exhibit "F").

23. On or about February 2, 2008, Defendant agreed to sell and transfer (the "Agreement") to Plaintiff the property located at and known as 4683 Park Avenue, Bronx, NY 10458 and listed in the Bronx County Register's Records under Block 3032; Lot 54 (the

5

"Closing"). *See* Fully executed Agreement and Transfer Documents attached hereto as Exhibit "G."

24. The Closing took place at the office of Peter Torres, Esq. located at 1169 Norstrand Avenue, Brooklyn, NY.

25. The Agreement acknowledged that Plaintiff had deposited Forty Thousand Dollars and Zero Cents ($40,000.00) towards the Purchase Price and One Hundred Fifty Thousand Dollars and Zero Cents ($150,000.00) in cash[1].

26. The Agreement also required the following:

   a. Plaintiff will pay ALBUSA REALTY the sum of $10,000.00 (Ten Thousand Dollars) on the sale of the Property; (*See* Commission Agreement attached hereto as Exhibit "H".

   b. Plaintiff agrees to assume the arrears of the Property due by the Defendant in the amount of $35,500.00;

   c. Defendant will reduce the proceeds in the amount of $9,500.30 in order to accommodate the assumption of the arrears of the purchasers and a security deposit of $2,800.00 mortgage;

   d. Defendant will be responsible for all violations that were pending against the Property;

   e. Plaintiff would assume all "other" expenses that were due and owing by the Defendant;

---

[1] In order to obtain the required Deposit, Plaintiff borrowed money from Family and Friends and took out a mortgage on a property that she owned free and clear in the State of Florida.

6

    f.   Defendant will make himself available for any and all matters pertaining to landlord and tenant court, renting the apartment, and other needs for the next twelve (12) months; and

    g.   Defendant will provide the Plaintiff with a power of attorney to represent him on any mortgages against the properties.

27.    In furtherance of the closing, and to complete the transfer of the Property from Defendant to Plaintiff, on or about February 2, 2008, Plaintiff also tendered the following monies: $55,270 to Defendant by check and an additional $25,000.00 in cash[2]; and (b) $10,000.00 to ALBUSA for a broker's commission. *See* cancelled checks attached hereto as Exhibit "H".

28.    Subsequently, Plaintiff and Defendant executed a Bargain and Sale Deed with Covenants, distributed by the Judicial Title Insurance Agency LLC, which purportedly conveyed and transferred the subject Property to Plaintiff.  (*See* Fully executed Agreement and Transfer Documents attached hereto as Exhibit "G.")

29.    As a result of the aforementioned alleged sale and transfer of the Property, and subsequent to the Closing, Plaintiff paid the following:

    a.   On March 6, 2008, Plaintiff wired the sum of $15,025.00 to Bayview to cover the arrears of the Property.  *See* Wire Transfer attached hereto as Exhibit "I".

    b.   Tendered mortgage payments on April 1, 2008; July 14, 2008, and September 8, 2008.[3]  *See* proof of mortgage payments attached hereto as Exhibit "J".

---

[2] Defendant Justo Reyes never reported this income in his bankruptcy pleadings filed with this Curt.
[3] Plaintiff could not retrieve copies of all checks tendered to Bayview.  Counsel has requested a history of payments from Bayview after February 2, 2008, and upon receipt will amend Exhibit "J" accordingly.

7

      c. Paid and incurred Property Insurance, Landlord Tenant costs, utilities expenses including oil expenses, water, heat and Con Edison.[4]

30. Despite the aforementioned, Defendant never filed, or effectuated the transfer of the deed and/or Property to Plaintiff. *See* print-out from ACRIS attached hereto as Exhibit "K".

31. On or about January 27, 2009 and subsequent to the purported closing, Defendant informed Plaintiff that Plaintiff is not the owner of the subject Property, and that Defendant never in fact sold the subject Property to Plaintiff.

32. Thereafter, Defendant proceeded to dispossess Plaintiff from the subject Property, and despite demanding return of the Property or a refund of all the monies expended by Plaintiff in connection with trying to purchase said Property, Defendant refused and ignored Plaintiff's demands.

33. As a result of the foregoing, on April 14, 2009, Plaintiff commenced an action in New York State Supreme Court, Bronx County captioned as *Thelma Lambert v. Justo Reyes, et al.* under Index Number 302980/2009 (the "State Court Action") *See* Summons and Complaint against Justo Reyes attached hereto as Exhibit "L".

34. The State Court Action was based on fraud, conversion, negligence, violations of the Federal Truth in Lending Act, and the Real Estate Settlement Procedures Act

### III.   The Disbarred Attorney Acting as Plaintiff's Counsel

35. Prior to the February 2, 2008 closing, Defendant required Plaintiff to use an attorney named, Raymond G. Perez ("Perez") to represent her in the purchase of the subject Property.

---

[4] Plaintiff will further elaborate the costs incurred in paying these items, and substantiate in details all monies used to pay off these items.

8

36. Perez[5], however, was disbarred from the practice of law by Order of the Appellate Division, Second Department, dated July 29, 1996. <u>See</u> Notice dated January 18, 2012 from the Grievance Committee for the Ninth Judicial District attached hereto as Exhibit "M".

37. Upon information and belief, Defendant had personal knowledge of Perez's disbarment yet Defendant insisted that Plaintiff "retain" Perez as counsel. Plaintiff agreed, and unbeknownst to Plaintiff, she hired an attorney who was disbarred since 1996.

38. Upon information and belief, Defendant informed Plaintiff that Perez would be responsible for collecting partial down payments.

39. As a result, on or about November 17, 2007, Plaintiff tendered to Perez a check, numbered #125, payable to the order of Raymond G. Perez in the amount of Forty Thousand ($40,000.00) Dollars. <u>See</u> Cancelled check payable to Perez attached hereto as Exhibit "N".

**DEFENDANT PURPOSELY FAILED TO ADD THELMA LAMBERT
AS AN UNSECURED CREDITOR**

40. Defendant has stated that he advised his prior counsel of the potential claim and/or lawsuit in favor of Plaintiff but that counsel failed to list the claim. <u>See</u> ¶ 8 through 9 of the Arlene Gordon-Oliver, P.C. Motion to Reopen Chapter 7 case and ¶ 11 through 12 from the Linda M. Tirelli Motion to Reopen Chapter 7 case attached hereto as Exhibit "O".

41. It is worth noting that Defendant defrauded Plaintiff on or about February 2, 2008, and subsequently thereof, on or about May 6, 2008, and then again on August 27, 2008, Defendant filed for bankruptcy relief pursuant to 11 U.S.C. §§ 101 et. seq. of the United States Bankruptcy Code.

---

[5] Upon information and belief, Raymond G. Perez was also indicted in Westchester Supreme Court and also received the benefit of a bankruptcy discharge under a chapter 7.

42. As a result, Defendant had two (2) separate opportunities to list the Plaintiff's claim, and to review and swear that the pleadings he filed in support of his bankruptcy case were true and correct. Defendant, however conveniently omitted to list Plaintiff's claim.

43. Plaintiff was the victim of an intentional fraud by the Defendant; therefore Defendant intentionally misrepresented his bankruptcy pleadings since he knew Plaintiff would object to his discharge.

44. Upon information and belief, Defendant is a licensed real estate broker.

45. Upon information and belief, Defendant owns properties, two of which are investment properties. Defendant has managed and brokered, upon information and belief, hundreds of sales and rentals of real estate property. As a result, Defendant is not an inexperienced layperson in financial or legal matters. Hence any claim that the debts owed to Plaintiff were "inadvertently" omitted is misleading.

46. Upon information and belief, Defendant purposefully omitted the debt he owed to Plaintiff from the Bankruptcy Petition in order to make sure that his discharge was granted.

## THE SALE 0F 4683 PARK AVENUE, BRONX, NY 10458

47. On November 4, 2013, Defendant sold the subject Property known as 4683 Park Avenue, Bronx, N.Y. 10458 to Loring Holdings LLC. *See* Transfer Deed attached hereto as Exhibit "P". Pursuant to this sale the Defendant netted Sixty Four ($64,000.00) Dollars. *See* ¶ 6 of Defendant's Former counsel regarding the sale of the subject property attached hereto as Exhibit "Q"

## **AS AND FOR A FIRST CAUSE OF ACTION**

48. Plaintiff repeats and restates each and every allegation contained in paragraphs "1" through "47" with the same force and effect as if fully set forth herein.

49. Upon information and belief, Defendant obtained certain funds detailed herein by false pretenses insofar as Plaintiff received no consideration.

50. Upon information and belief, the Defendant obtained certain funds detailed herein by actual fraud insofar as Plaintiff received no consideration.

51. When Defendant accepted the funds detailed herein, he knew that he intended to convert these funds for his own purposes, and Plaintiff, as a result, has been damaged.

52. Plaintiff was induced to tender the funds detailed herein based on false representations.

53. Defendant was aware that his conduct would cause harm or that there was a substantial certainty that harm would result when he fraudulently transferred Plaintiff's property for his own personal benefit.

54. Upon information and belief, Defendant's actions were specifically intended and calculated to defraud and steal from Plaintiff.

55. Defendant's conduct constitutes a high degree of gross fraud involving a high moral culpability, which rises to a level of wanton dishonesty as to imply a criminal indifference to civil obligations.

56. Accordingly, the Plaintiff is entitled to a judgment pursuant to 11 U.S.C. § 523(a)(2)(A) deeming Plaintiff's claim as a non-dischargeable debt.

## AS AND FOR A SECOND CAUSE OF ACTION

57. Plaintiff repeats and restates each and every allegation contained in paragraphs "1" through "56" with the same force and effect as if fully set forth herein.

58. Upon information and belief, Defendant orchestrated a scheme by which the Defendant made materially false statements in order to fraudulently obtain Plaintiff's funds and property based upon false pretenses, false representation, or actual fraud.

59. Upon information and belief, Defendant orchestrated a scheme by which the Defendant drafted a fictitious contract of sale which contained materially false statements that purported to sale to Plaintiff the property located at and known as 4683 Park Avenue, Bronx, NY 10458.

60. Defendant made false representations to Plaintiff with the intention and purpose of deceiving Plaintiff.

61. Plaintiff reasonably relied on those misrepresentations made by the Defendant and was induced to tender funds to the Defendant.

62. Upon information and belief, Defendant's actions were specifically intended and calculated to defraud and steal from Plaintiff.

63. Defendant's conduct constitutes a high degree of gross fraud involving a high moral culpability, which rises to a level of wanton dishonesty as to imply a criminal indifference to civil obligations.

64. Accordingly pursuant to 11 U.S.C. § 523(a)(2)(B), the debts owed by Defendant to Plaintiff is not dischargeable.

## AS AND FOR A THIRD CAUSE OF ACTION

65. Plaintiff repeats and restates each and every allegation contained in paragraphs "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendant received money and property through false pretenses, or representations and/or actual fraud.

67. Defendant willfully took funds and Plaintiff's property rightfully belonging to Plaintiff for his own benefit.

68. Defendant's actions constituted fraud, embezzlement or larceny.

69. Upon information and belief, Defendant's actions were specifically intended and calculated to defraud and steal from Plaintiff.

70. Defendant's conduct constitutes a high degree of gross fraud involving a high moral culpability, which rises to a level of wanton dishonesty as to imply a criminal indifference to civil obligations.

71. Accordingly, Plaintiff is entitled to a judgment pursuant to 11 U.S.C. § 523(a)(4) deeming Plaintiff's claim as a non-dischargeable debt.

## AS AND FOR A FOURTH CAUSE OF ACTION

72. Plaintiff repeats and restates each and every allegation contained in paragraphs "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendant's actions detailed herein were willful and malicious to Plaintiff and Plaintiff's property, reflecting utter moral depravity.

74. Specifically, Defendant willfully took Plaintiff's funds that were detailed herein for his own benefit at the expense of Plaintiff. Through such intentional conduct and fraudulent conduct, Defendant willfully and maliciously injured Plaintiff.

75. Defendant, for his own use and without authority, exercised dominion and control over Plaintiff's property. As a result of this willful conduct that amounts to conversion, Defendant maliciously caused injury to Plaintiff that the Defendant knew or should have known would result from his actions.

76. Defendant was aware that his conduct would cause harm or that there was a substantial certainty that harm would result when he fraudulently transferred Plaintiff 'property for his own personal benefit.

77. Accordingly, Plaintiff is entitled to a judgment pursuant to section 11 U.S.C. § 523(a)(6), deeming Plaintiff's claim as a non-dischargeable debt.

## AS AND FOR A FIFTH CAUSE OF ACTION

78. Plaintiff repeats and restates each and every allegation contained in paragraphs "1" through "77" with the same force and effect as if fully set forth herein.

79. On or about October 16, 2007, Plaintiff was solicited by ALBUSA REALTY for the purpose of purchasing the 8-family residential building located at and known as 4683 Park Avenue, Bronx, NY 10458 and listed in the Bronx County Register's Records under Block 3032; Lot 54 (the "Property").

80. According to the Offer to Purchase, upon information and belief, prepared by ALBUSA RERALTY, Defendant offered to sell (the "Offer") the Property to Plaintiff, for a purchase price of Six Hundred Forty Thousand Dollars and Zero Cents ($640,000.00).

81.     In furtherance of the closing, and to complete the transfer of the Property from Defendant to Plaintiff, Plaintiff tendered the following monies: $40,000.00 to Perez; $150,000.00 to Defendant and (b) $10,000.00 to ALBUSA for a broker's commission.

82.     On August 27, 2008, Defendant filed, *inter alia*, a Statement of Financial Affairs ("SOFA") with the Bankruptcy Court.

83.     Upon information and belief, the SOFA filed by Defendant in the Chapter 7 case was signed by Defendant under the penalty of perjury and constitutes an oath.

84.     "Question "1" of the SOFA required Defendant to "state the gross amount of income received from employment, trade, or profession, or from operation of the debtor's business. Debtors should note that the information is required for the following two time periods: (1) from the beginning of this calendar year to the date of the commencement of the case, and (2) the two years before the calendar year in which the case is commenced. The form allows debtors to use a fiscal year rather than a calendar year, if necessary. The amount and source of the income should be listed for each time period. Spouses that have filed a joint petition should list the income for each spouse separately. Married chapter 12 and 13 debtors must list the income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed."

85.     Defendant's response to Question "1" of his SOFA states: $5,000.00.

86.     As stated previously herein, Plaintiff tender to Defendant the sum of One Hundred Fifty Thousand ($150,000.00) Dollars to purchase the property known as 4683 Park Avenue, Bronx, NY 10458.

87.     Upon information and belief, Defendant's response to Question "1" of the SOFA was false when made.

15

88. By reason of the foregoing, Defendant response to Question "1" of the SOFA constitutes a false oath.

89. Upon information and belief, Defendant made the response to Question "1" of the SOFA with fraudulent intent to conceal assets, his past business transactions from the duly appointed Chapter 7 trustee and his creditors.

90. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant pursuant to 11 U.S.C. § 727(a)(4), denying a discharge in the Chapter 7 Case.

**WHEREFORE**, Plaintiff THELMA LAMBERT requests that this Court enter a judgment in favor of the Plaintiff:

a. determining that Plaintiff's claim is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);
b. determining that Plaintiff's claim is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B);
c. determining that Plaintiff's claim is nondischargeable pursuant to 11 U.S.C. § 523(a)(4);
d. determining that Plaintiff's claim is nondischargeable pursuant to 11 U.S.C. § 523(a)(6);
e. determining that Defendant should be denied a discharge pursuant to 11 U.S.C. § 727(a)(4),
f. awarding Plaintiff cost, disbursements, and attorney fees; and
g. awarding such other and further relief that the Court deems just and equitable.

Dated: New York, NY
September 13, 2014

LAW OFFICE OF JULIO E. PORTILLA, P.C.
*Attorneys for THELMA LAMBERT*

By: *Julio E. Portilla*

Julio E. Portilla, Esq.
Law Office of Julio E. Portilla, P.C.
111 Broadway, Suite 706
New York, NY 10006
(212) 365-0292

16